IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY MARTEN, )<br>　　　　Plaintiff ) | C.A. No. 11-46 Erie |
| )<br>v. ) | |
| ) | Magistrate Judge Baxter |
| CHRISTINE MANCINI, ) | |
| 　　　　Defendant ) | |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.     INTRODUCTION

### A.     Relevant Procedural and Factual History

On February 18, 2011, Plaintiff Jeffrey Marten, a prisoner incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this *pro se* civil rights action under 42 U.S.C. § 1983, against Defendant Christine Mancini, a psychologist employed by the Pennsylvania Department of Corrections and formerly assigned to SCI-Forest.

In his complaint, Plaintiff alleges that, on November 18, 2009, he informed Defendant that he was experiencing "intense suicidal tendencies" and asked to be placed in an observation cell. (ECF No. 1, Complaint, at ¶ 5). In addition, Plaintiff allegedly informed Defendant that he had attempted suicide "months earlier" at another institution and that the psychology staff there had implemented an individual treatment plan for him. (Id. at ¶ 6). Nonetheless, Plaintiff alleges

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 2, 9).

that Defendant "took no action whatsoever to prevent Plaintiff from attempting suicide." (Id. at ¶ 7). The next day, Plaintiff cut his forearm in two places with a razor blade and was placed in a "psychiatric observation cell with a smock and suicide blanket under constant watch." (Id. at ¶¶ 8, 11). On November 23, 2009, Plaintiff was then committed to the Mental Health Unit at SCI-Cresson for further treatment. (Id. at ¶ 13). Based on the foregoing, Plaintiff claims that Defendant was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. As relief for his claims, Plaintiff seeks compensatory and punitive damages.

Defendant filed an answer to Plaintiff's complaint on June 6, 2011. [ECF No. 10]. On the same date, Plaintiff filed a motion for summary judgment seeking the entry of judgment against Defendant as a matter of law. [ECF No. 11]. On September 28, 2011, Defendant filed her own motion for summary judgment seeking the entry of judgment in her favor based on Plaintiff's alleged failure to exhaust his administrative remedies. [ECF No. 19]. Each party has subsequently filed a response to the other party's pending motion. [ECF Nos. 23, 26]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Summary Judgment

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed.R.Civ.P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

3

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### 2.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.   Discussion
#### 1.   The Exhaustion Requirement

Defendant argues that she is entitled to summary judgment because Plaintiff has allegedly failed to comply with the exhaustion requirements of the Prison Litigation Reform Act

4

("PLRA"), 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.[2]

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

---

[2] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217 (2007) ("...failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that c1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 107 U.S. at 217.

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who

---

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

6

responds in writing within ten business days.  Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days.  Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days.  See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

Here, Defendant has submitted the Declaration of Christina Kennedy, Superintendent's Assistant at SCI-Forest, who declares, in pertinent part, the following:

> 3.  I have reviewed the grievance records relating to inmate Jeffrey Marten, inmate # DZ-3906.
>
> 4.  While housed at SCI-Forest, Inmate Marten never filed a grievance against Christine Mancini.
>
> 5.  Inmate Marten never filed a grievance concerning the events of November 18, 2009, or the events of November 19, 2009.
>
> 6.  Inmate Marten did not properly submit a grievance to the grievance coordinator on or about December 1, 2009, or at any point closely following November 19, 2009.  He never submitted a grievance regarding the events of November 18-19, 2009.

(ECF No. 20-1, Declaration of Christina Kennedy, at ¶¶ 3-6).

In response to Defendant's motion, Plaintiff asserts that he did, in fact, submit a timely grievance to SCI-Forest's Grievance Coordinator regarding the events of November 18-19, 2009.  Specifically, Plaintiff alleges that the grievance was sent by mail from SCI-Cresson's Mental Health Unit on December 1, 2009, and he has attached a purported copy of the grievance as an exhibit to his response. (See ECF No. 26, Plaintiff's Response, at p. 6).  In addition, Plaintiff claims that on February 5, 2010, he followed up with an Inmate's Request to Staff directed to the

7

Grievance Coordinator at SCI-Forest, in which he asked for a response to the grievance of December 1, 2009. (See Id. at p. 8).  Based upon Plaintiff's submission of these documents, the Court is unable to conclusively determine that Plaintiff has failed to exhaust his administrative remedies.  Accordingly, Defendant's motion for summary judgment will be denied.

### 2. Merits

Plaintiff requests summary judgment in his favor, arguing that Defendant's "complete inaction with respect to plaintiff's threats easily allows an inference of deliberate indifference to be drawn." (See ECF No. 12, Plaintiff's brief, at p. 4).  However, Plaintiff's claim is based primarily upon his recounting of the details of his interaction with Defendant, which details are in dispute. (See ECF No. 13, Plaintiff's concise statement of material facts not in dispute, at ¶ 3, and ECF No. 22, Defendant' response thereto, at ¶¶ 3, 5).  Thus, there exist genuine issues of material fact that preclude the entry of summary judgment in favor of Plaintiff, and his motion will, therefore, be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY MARTEN,         )<br>                    Plaintiff    )<br>                                   )<br>       v.                        )<br>                                   )<br>CHRISTINE MANCINI,    )<br>                    Defendant )  | C.A. No. 11-46 Erie<br><br>Magistrate Judge Baxter |

## ORDER

AND NOW, this 14<u>th</u> day of December, 2011,

IT IS HEREBY ORDERED that both Plaintiff's motion for summary judgment [ECF No. 11], and Defendant's motion for summary judgment [ECF No. 19] are DENIED.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge